IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PORT OF HOUSTON AUTHORITY §<br>Plaintiff §<br>§<br>-against- §<br>§<br>M/V BARENTS, formally known as the §<br>M/V BBC SWEDEN, her engines, §<br>tackle, boilers, etc., *in rem*, §<br>§<br>-and against- §<br>§<br>PELAGIA SHIPPING LIMITED, §<br>*in personam.* §<br>Defendants. § | C.A. No.: _____<br>In Admiralty Rule 9(h) |

## VERIFIED COMPLAINT

TO THE COURT:

The Port of Houston Authority (hereinafter "POHA"), Plaintiff herein, by its attorneys, Hill Rivkins LLP, complaining of the above-named vessel and Defendants, alleges upon information and belief as follows:

### I.

### JURISDICTION AND VENUE

1. This is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the Supplemental Rules thereto governing certain admiralty and maritime claims. This court has a jurisdiction pursuant to 28 U.S.C. § 1333.

2. This is a complaint, *in rem*, pursuant to a maritime lien arising from an allision pursuant to Supplemental Rule C of the Federal Rules of Civil Procedure. The verified complaint is also *in personam* against Pelagia Shipping Limited ("Pelagia Shipping Limited").

1

## II.

## PARTIES

3.  Plaintiff, the Port of Houston Authority is a navigation district of the State of Texas and is the owner of Turning Basin Terminal and City Docks 42 and 43.

4.  Defendant M/V Barents formally known as the M/V BBC Sweden, IMO #9278600, is a general cargo vessel, sailing under the flag of the Russian Federation. The vessel was built in 2003 and its gross tonnage is 3,198 metric tons. At all times material to the incident made the basis of this lawsuit, the M/V Barents was traveling and/or moored in the Houston Ship Channel. Pursuant to a Letter of Undertaking, issued on behalf of the vessel, this court has jurisdiction over the M/V Barents as though the vessel had been arrested under process issued by this court while in the Houston Ship Channel, taken into custody by the United States Marshal under said *in rem* process and subsequently released upon the filing of a release bond and verified statement of the right of interest.

5.  Defendant Pelagia Shipping Limited, is a foreign corporation or other business entity with power to sue and be sued, which regularly engages in business in Texas and the United States as a common carrier of goods by water for hire, which does not maintain a regular place of business in Texas or a designated agent for service of process, and thus may be served through the Texas Secretary of State in care of Eco Shipping, Ltd. ul Prichal'naya 8/1, Arkhangelsk, 163018, Russia.

## III.

## FACTS

6.  POHA owns, maintains and controls City Docks 42 and 43 at the Port of Houston's Turning Basin Terminal, 111 East Loop North, Houston, Texas 77096.

7.      City Docks 42 and 43 are docks at Turning Basin Terminal that are stationary and immovable objects that offers marine access to ships and allows ships to load and discharge various types of cargoes.

8.      On or about April 29, 2016, the M/V Barents allided with City Docks 42 and 43.

9.      As a direct and proximate result of the allision, the POHA's City Docks 42 and 43 at Turning Basin Terminal suffered structural damages including but not limited to their fender systems.

10.     Plaintiff has incurred and will incur repair design costs, costs of repair and related expenses. Additionally, the Plaintiff has incurred a loss of revenue from the docks because vessels of certain lengths could not berth there until repairs of City Docks 42 and 43 were completed. The POHA's total loss resulting from the allision is $271,296.00, exclusive of attorneys' fees, interest, loss of use/revenue and other contractual penalties.

11.     The POHA has incurred (and will continue to incur) attorneys' fees as a result of the allision and Defendants' failure to compensate Plaintiff for the damages to City Docks 42 and 43.

## IV.

## NEGLIENCE

12.     The allision and the proximately caused damage were caused by and due to the negligence, gross negligence, fault and unseaworthiness, of the M/V Barents, committed while such vessel was operating in navigable waters in the United States, for which the M/V Barents is liable, *in rem*. The foregoing casualty and damages were in no way caused or contributed to by any fault, neglect, or want of care of the POHA or any entity for whose conduct the POHA is responsible.

13. The M/V Barents's owners, Pelagia Shipping Limited, are liable, *in personam*, under Rule B of the Supplemental Rules because the allision was caused by the negligence or fault of the M/V Barents's owner, master, crew and/or other agents of the vessel, in the following respects, which will be shown at the trial of this case:

    a. the M/V Barents had persons in charge of its navigation who were careless, incompetent, failed to communicate or were inattentive to their duties;

    b. the M/V Barents failed to maintain a proper lookout;

    c. the M/V Barents negligently failed to do what was necessary to avoid the allision;

    d. the owners, operators, and/or managers of the M/V Barents negligently and carelessly trained and assigned an inadequate and incompetent crew to the vessel; and

    e. The M/V Global was unseaworthy.

14. As the M/V Barents's owners, Pelagia Shipping Limited is responsible for the proper navigation of the vessel, proper management of the vessel and proper manning of the vessel with a competently trained crew. Pelagia Shipping Limited failed in its responsibilities in these regards and such failures caused the M/V Barents to allide with City Docks 42 and 43 at Turning Basin Terminal and cause the POHA's damages.

15. Plaintiff, POHA reserves the right to amend and supplement these causes of action, and to further specify other and further or different faults and negligence of the Defendants which evidence may later disclose.

## V.

## BREACH OF TARIFF CONTRACTS

**A. Tariff No. 8**

16. Defendants are subject to the terms and conditions of the Port of Houston Authority Tariff No. 8 – Sub-Rule No. 059 entitled "Responsibility for Property Damage" ("Tariff No. 8").

17. The M/V Barents, her owners and/or her agents agreed to the terms of Tariff No. 8 by their use of the waterways and facilities under the POHA's jurisdiction. Prior to its arrival at City Docks 42 and 43 in Turning Basin Terminal on 4/29/16, the M/V Barents, its owners and/or its agents applied to the POHA for permission to occupy a berth at the Turning Basin Terminal. The filing of the berth application constituted a contract between the POHA and the M/V Barents, her owners, and/or her agents confirming their express agreement to abide by the rules, regulations and/or rates of Tariff No. 8.

18. Additionally, the Defendants' use of the City Docks and berths at the Turning Basin Terminal in the Port of Houston inclusive of the POHA facilities and services constitutes a consent to the terms and conditions of the POHA's tariff (inclusive of Tariff No. 8) and is evidence of an agreement on the part of all users of the POHA's facilities and services to pay all charges in the POHA's tariff, and to be governed by all rules and regulations in said tariff.

19. Tariff No. 8 jointly and severally obligates port users causing damage to any of POHA's property or facilities to pay the cost to repair such damage, plus an override of 20%, within 30 days. It also obligates such users to pay for legal costs and the expenses of collection as a result of any damage to POHA's property, including reasonable attorneys' fees and the costs of arresting and proceeding *in rem* against a vessel.

20.     To date, the M/V Barents, her owners and/or agents have failed to reimburse POHA for its losses and attorneys' fees caused by their use of the port waterways and facilities as required under Tariff No. 8, despite POHA's demand for same.

21.     As a result of the M/V Barents, her owners and/or her agent's failure to reimburse POHA for damages resulting from the allision, POHA has incurred damages and attorneys' fees.

22.     Pursuant to the terms of Tariff No. 8, POHA is entitled to said damages in the amount of the necessary repairs to City Docks 42 and 43, as well as a twenty (20) percent markup, attorneys' fees and interest at 18%.

## VI.

## CONDITIONS PRECEDENT

23.     Plaintiff has duly performed all duties and obligations on its part to be performed.

## VII.

## PARTIES OF INTEREST

24.     Plaintiff brings this actions on its own behalf and, as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in the structural and non-structural damages to the POHA's City Docks 42 and 43 at Turning Basin Terminal, as their respective interest may ultimately appear, and Plaintiff is entitled to maintain this action.

## VIII.

## ATTORNEYS' FEES

25.     Pursuant to Sub-Rule 059 of Tariff No. 8, the Plaintiff is entitled to its reasonable attorneys' fees and costs incurred and necessary to enforce the terms of the Tariff.

## IX.

## **PRAYER**

26. All and singular the premises are true and within the admiralty and maritime jurisdiction of the United States and this Honorable Court.

WHEREFORE, Plaintiff prays:

(a) That summons in due form of law may be issued against Defendants;

(b) That a judgment may be entered in favor of Plaintiff against Defendants, one or more of them, for the amount of Plaintiff's damages and attorney's fees, together with interest and the costs and disbursements of this action;

(c) That process in due form of law according to the practice of this Court in causes of admiralty or maritime jurisdiction may issue against the motor vessel, her engines, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath all and singular the matters stated, and this Court will be pleased to pronounce a judgment in favor of Plaintiff for its damages and attorney's fees, together with interest, costs and disbursements, and the motor vessel may be condemned and sold to pay therefore; and

(d) That this Court will grant to Plaintiff such other and further relief as may be just and proper.

Respectfully submitted,

*[signature]*

STEVEN P. VANGEL
SDTX I.D. No. 4065
Texas Bar No. 20465800
DANIELA OLIVEIRA
SDTX I.D. No.: 1314516
Texas Bar No.: 24075837
HILL RIVKINS LLP
55 Waugh Drive, Suite 1200
Houston, Texas 77007
Tel.:   713/457-2286
Fax:   713/222-1359
Email: svangel@hillrivkins.com
           doliveira@hillrivkins.com

**ATTORNEYS FOR PLAINTIFF**
**THE PORT OF HOUSTON AUTHORITY**

## VERIFICATION

STATE OF TEXAS § 
§
COUNTY OF HARRIS §

David McNamara, being duly sworn, deposes and says:

I am a duly authorized representative of The Port of Houston Authority. I am over twenty-one (21) years of age and fully competent to make this Verification. I have read the foregoing Complaint and know its contents. The Complaint is true to my knowledge, except as to the matters stated in the Complaint to be based on information and belief, and as to those matters, I believe them to be true.

The source of my information and the grounds for my belief as to those matters stated in the Complaint, to be alleged on information and belief, are documents and records in my files.

Subscribed and sworn to before me, the undersigned notary public, on this 26th day of April, 2018, to certify which witness my hand and official seal.

MELINDA GARZA
Notary Public, State of Texas
Comm. Expires 04-13-2020
Notary ID 1194055-4

Notary Public, State of Texas